**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

AKHTAR GUL ZISHAN,

Petitioner,

v.

Case No. 1:26-cv-2463-MIS-GBW

WARDEN, Torrance County Detention Center; MARY DE ANDA-YBARRA, El Paso Field Office Director for Immigration and Customs Enforcement; DAVID VENTURELLA, Acting Director U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary, Department of Homeland Security; and TODD BLANCHE, U.S. Attorney General,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

THIS MATTER is before the Court on Petitioner Akhtar Gul Zishan's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed July 28, 2026. The federal Respondents filed a Response on September 3, 2026, ("Response").[1] ECF No. 6. Upon review of the Parties' submissions, the record, and the relevant law, the Court will **GRANT** the Petition.

## I. Background

Petitioner is a citizen of Afghanistan who entered the United States in January of 2025, fleeing persecution in his homeland because of his support for women's rights and anti-Taliban political opinions. Pet. ¶¶ 16-18. He was granted withholding of removal by the U.S. government,

[1] The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 5. However, as has become customary in these cases, the Warden did not respond to the Petition.

with his withholding of removal –and inherent removal order—becoming administratively final on July 21, 2025. Id. ¶¶ 1-2. Nonetheless, Petitioner has remained in detention since his arrival and is currently detained at the Torrance County Detention Center in Estancia, New Mexico. Id. ¶ 3.

On July 28, 2026, Petitioner filed the instant Petition, ECF No. 1, to which Respondents filed a Response, ECF No. 6, on September 3, 2026.

## II. Legal Standard

"The habeas statute provides that a federal district court may entertain a habeas application by a person held 'in custody under or by color of the authority of the United States,' or 'in custody in violation of the Constitution or laws or treaties of the United States.'" Munaf v. Geren, 553 U.S. 674, 685 (2008) (quoting 28 U.S.C. §§ 2241(c)(1), (3)). A petition for writ of habeas corpus under 28 U.S.C. § 2241 is the appropriate vehicle for a noncitizen to challenge the legality of immigration detention. Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001).

Generally, "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days[.]" 8 U.S.C. § 1231(a)(1)(A). Under 8 U.S.C. § 1231(a)(6), the Attorney General may detain certain noncitizens beyond the ninety-day "removal period" following entry of a final order of removal. However, the statute implicitly "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention." Zadvydas, 533 U.S. at 689. In Zadvydas, the Supreme Court established a presumptively reasonable six-month period of detention. Id. at 701. After that period, if the petitioner "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Id.; see also Clark v. Martinez, 543 U.S.

371, 377-78 (2005). Although the government's authority to detain noncitizens serves important immigration enforcement purposes, that authority "is subject to important constitutional limitations" and may not continue "once removal is no longer reasonably foreseeable." Zadvydas, 533 U.S. at 695, 699.

**III. Discussion**

Petitioner argues that his prolonged detention — now exceeding eighteen months— violates his rights under the Immigration and Nationality Act ("INA") and the Fifth Amendment's Due Process clause because his removal is not significantly likely in the reasonably foreseeable future. Pet. at 9-11.

In their Response, Respondents do not contest—nor make an argument—that Petitioner's removal is likely in the reasonably foreseeable future. See generally Resp. Rather, Respondents merely attach a Declaration from an immigration officer that states that two countries have explicitly declined to accept Petitioner and three other countries have been unresponsive. See Declaration of Deportation Officer Edward J Vasquez, ECF No. 6-1. In their Response, Respondents also state the following:

> Respondents recognize that the Court may decide to grant the Petition and award appropriate relief given that reasonableness of detention is measured "primarily in terms of the statute's basic purpose, namely, assuring the alien's presence at the moment of removal. Thus, if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute.

Id. at 1 (citing Zadvydas v. Davis, 533 U.S. 678, 699–700 (2001)).

"Where, as here, 'a party files a response to a motion but does not address all arguments which the motion raises, the party has effectively conceded the arguments which it does not address.'" Alfaro Herrera v. Baltazar, Civil Action No. 1:25-cv-04014-CNS, 2026 WL 91470, at *5 (D. Colo. Jan. 13, 2026) (quoting Series 17-03-615 v. Teva Pharms. USA, Inc., 785 F. Supp. 3d

904, 935 (D. Kan. 2025)); see also C1.G on behalf of C.G. v. Siegfried, 38 F.4th 1270, 1282 (10th Cir. 2022) (holding that the district court correctly dismissed plaintiff's facial challenge as "abandoned" where plaintiff failed to include that challenge in his response to arguments raised in defendant's motion to dismiss). Here, given that Respondents merely provided Officer Vasquez's Declaration without offering any substantive argument regarding Petitioner's claims and the foreseeability of his removal, the Court finds that Respondents have effectively taken the stance of non-opposition to the Petition which constitutes a concession that Petitioner is being detained in violation of his Fifth Amendment right to due process.

Accordingly, the Court finds that the presumptively reasonable six-month-period of confinement has expired, Petitioner has provided good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, and the Government has failed to present sufficient evidence to rebut that showing. As such, the Court further finds that Petitioner's continued, indefinite detention violates the Fifth Amendment's Due Process Clause and the INA, and he is entitled to immediate release subject to appropriate conditions of supervision under 8 U.S.C. § 1231(a)(3). See Khan v. Current Sec'y of Dep't of Homeland Sec., Case No. 2:26-cv-00315-MIS-GJF, 2026 WL 776190, at *3 (D.N.M. Mar. 19, 2026); Jiminez Chacon, 811 F. Supp. 3d at 1310, 1313; Salazar-Martinez, 2025 WL 3204807, at *2-3; Hmung v. Bondi, Case No. CIV-25-1303-J, 2025 WL 3657221, at *4 (W.D. Okla. Dec. 9, 2025), report and recommendation adopted, 2025 WL 3670499 (W.D. Okla. Dec. 17, 2025); Momennia v. Bondi, Case No. CIV-25-1067-J, 2025 WL 3011896, at *8-10 (W.D. Okla. Oct. 15, 2025), report and recommendation adopted, 2025 WL 3006045 (W.D. Okla. Oct. 27, 2025).

## IV. Conclusion

Therefore, it is **HEREBY ORDERED** that:

1. Petitioner Akhtar Gul Zishan's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, ECF No. 1, is **GRANTED**;

2. Respondents are **ORDERED** to immediately release Petitioner Akhtar Gul Zishan from custody/detention under appropriate conditions of supervision pursuant to 8 U.S.C. § 1231(a)(3);

3. Respondents **SHALL** file a Notice of Compliance with this Order as soon as practicable after Petitioner's release, and no later than seven days after entry of this Order; and

4. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE